**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

NAKIA CHANEY,

                                    Plaintiff,

            v.                                                    1:22-CV-0839
                                                                  (GTS/CFH)
KEITH COOK, et al.

                                    Defendants.

_____

**APPEARANCES:**

Nakia Chaney
1022 Third Avenue
Schenectady, New York 12303
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION & ORDER

### I.  In Forma Pauperis

    Plaintiff purported to commence this action on August 12, 2022, with the filing of

a complaint and application for leave to proceed in forma pauperis ("IFP").  See Dkt. No.

1 ("Compl."), 2 (IFP).  After reviewing plaintiff's IFP application, the undersigned

determines that plaintiff financially qualifies to proceed IFP for purposes of filing.  Thus,

the Court must review the sufficiency of plaintiff's complaint pursuant to 28 U.S.C. §

1915.

### II.  Legal Standard

Section 1915(e)[1] of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that  . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.  Where the plaintiff is proceeding pro se, the court must consider the claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'"  Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir. 2010) (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)).  It is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"  Matheson v. Deutsche Bank Nat'l Tr. Co., 706 F.Appx. 24, 26 (2d Cir. 2017) (summary order) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) (Where the plaintiff proceeds pro se, a court is "obliged to construe his pleadings liberally.") (quoting McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004)).  However, this approach "does not exempt a [pro se litigant] from compliance with relevant rules of procedural and substantive law."  Traguth v. Zuck, 710 F.2d 90, 95 (2d

---

[1] The language of section 1915 suggests an intent to limit availability of IFP status to prison inmates. See 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). However, courts have construed that section as making IFP status available to any litigant who can meet the governing financial criteria. See, e.g., Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).  Accordingly, a financial assessment and, if determined to be financially qualified, a initial review of the complaint pursuant to section 1915 is required of any plaintiff who seeks to proceed IFP, regardless of their incarceration status.

Cir. 1983).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994).  The Court may not "invent factual allegations that [the plaintiff] has not pled." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) .

"The [Second Circuit]'s 'special solicitude' for pro se pleadings, Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994), has its limits, because pro se pleadings still must comply with Rule 8(a) of the Federal Rules of Civil Procedure." Kastner v. Tri State Eye, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019).  Pleading guidelines are set forth in the Federal Rules of Civil Procedure.  Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  Id. at 8(d).

Further, Rule 10 of the Federal Rules provides:

[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]"  Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 556 U.S. 622, 678 (2009). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" does not

4

suffice." Id. (internal quotation marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal.  Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order).  Indeed, a complaint that fails to comply with these pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

### III. Complaint

Plaintiff's complaint consists of twenty-eight single-spaced typed pages, written in block format, with many paragraphs running the length of more than one page, and 495 pages of exhibits.[2]  Review of plaintiff's complaint reveals that it is really five[3]

---

[2]  Of these documents 266 pages are exhibits appended to the complaint and 229 pages are medical records which were submitted with the complaint which the Court separately docketed at docket number 2.  See Dkt. Nos. 1, 2.

[3]  The first "complaint" involves the August 2019 motor vehicle accident. The second "complaint" involves employment-related claims against his former employer, supervisor, and coworkers.  The third "complaint" involves a claim relating to an eviction, concerns with his Section 8 housing, and alleged use of excessive force from the Schenectady police.  The fourth "complaint" is against his former attorneys and involves his dissatisfaction of their representation.  The "fifth" complaint involves a May 2020 incident where plaintiff alleges that the Albany Police did not allow plaintiff to record a video on his phone and damaged his phone as well as plaintiff's attempts to acquire certain relevant records relating to this interaction and Albany Police Department's policies.  See generally Compl.

complaints in one.  Rather than file separate complaints, as is required, plaintiff

attempts to bring all of the separate claims together in one action, despite the lack of

connection between the various claims.  As will be explained in greater detail below,

because plaintiff's attempt to file multiple claims involving unrelated occurrences and

defendants is violative of Fed. R. Civ. P. 20, the undersigned will be reviewing only the

first "complaint" and will be recommending dismissal without prejudice of the remaining

complaints so that they may be refiled as separate actions, each with their own filing fee

or in forma pauperis application.  See infra at 11.

Plaintiff's first "complaint" involves a motor vehicle accident between himself and

an individual, Keith Cook, on August 13, 2019.  See Compl. at 2-3.  Plaintiff contends

that he suffered injuries when Mr. Cook sped through a red light and collided with his

vehicle.  See id. at 3.  Plaintiff seeks to sue Mr. Cook; his insurance company,

Adirondack Insurance Exchange Company ("Adirondack"); Progressive Insurance

Company ("Progressive"); various employees of Adirondack and Progressive; and Todd

Roberts, Guilderland Police Officer.  See id. at 1-9.  Plaintiff contends that, as a result of

the motor vehicle accident, he suffered injuries which left him unable to work, and that

certain defendants' failures to timely pay claims, allow him to continue certain medical

treatment, or offer what is, in his mind, a reasonable settlement, led to his

homelessness.  See Compl. at 2.

Plaintiff argues that this Court has both diversity jurisdiction and federal question

jurisdiction over the case.  See Compl. at 2.  He contends there is diversity jurisdiction

because Mr. Cook and Adirondack "whom [sic] a private party acting as a state actor

provides insurance for defendants Keith Cook within the jurisdiction of the court

6

Case 1:22-cv-00839-GTS-CFH   Document 5   Filed 11/04/22   Page 7 of 19

pursuant to 28 usc 1915e Taylor versus Anderson 234 us 74." Id. at 2.  Plaintiff also

states that the case presents a federal question because the case involves  "[t]he equal

protection clause of federal due process clause and violations of the new York state

constitution and other city and county laws or applicable laws, statutes, regulations,

ordinances or Case authorities on point as to the various nys constitution and united

states constitution and civil rights violation described herein." Id. at 1.  Plaintiff

specifically contends that the action "is brought pursuant to 42 USC section 1983" and

states that the Court "has jurisdiction over this action pursuant to 28 USC sections

1331, 1343(d) and (4) and 2201, and 42 usc 1983 and 1988 which confers jurisdiction in

actions authorized by 42 usc 1983 against defendants acting under color of state law,

statues, ordinances, regulations custom or usage." Id. at 2.

     Plaintiff also names as a defendant Natalie Pease, "the Policy holder and

property damage claims adjuster" for Adirondack. See Compl. at 4. Plaintiff disagreed

with the "low ball offer" Ms. Pease made.  Id.  He also contends that Ms. Pease "blames

plaintiff for defendants [sic] Todd Roberts [sic] mistake of not turning on body cameras

in violation of the police policy[.]"  Id.  Plaintiff also names as a defendant Robert Burke,

who appears to also be an employee of Adirondack, as plaintiff contends he "failed to

consider the true nature and impact of plaintiffs [sic] losses and injuries, missing work,

year of taking pain medications, became homeless in shelter  . . . ."  Id.  Plaintiff

contends that Mr. Burke is the "policy holder and bodily injury claims adjuster to issue

payment on behalf of client defendant Keith cook policy/negligence[.]"  Id. at 3.  Plaintiff

claims that Mr. Burke "failed to consider the fact that plaintiff have [sic] been unable to

work to pay rent etc or due [sic] normal activities like shoveling, carrying groceries,

7

picking up infant or paying with him, no weight training, constant pain, stomach problems and changes of medications due to taking pain medications for over a year solely due to accident[.]"  Id. at 4.  Plaintiff further states that Mr. Burke "failed to consider the allegations contained within this complaint or demand letters attached in support of complaint and came with a low ball offer of 77,000 which is less than the age portion, futures [sic] employment wages, overtime, pay rates at 19 an hour for 40 hours a week with overtime and side jobs for weekends." Id.  Plaintiff argues that although Adirondack "claimed 100 percent liability for the August accident on behalf of their client[,]" Mr. Burke, "bodily injury claims adjuster," offered 80,000 to settle and the second bodily injury claims adjuster Amanda was a little more generous at 94,000 and yet both offers declined to consider plaintiff [sic] true loses [sic] and other failed [sic] to consider" other various damages.  Id. at 6.  Plaintiff also names as defendants Christine Corrida and Amanda Hughes, who appear to be Progressive employees who failed to provide plaintiff with "outstanding wage payment," "outstanding medical bills and denial of therapy and medical visits." Id. at 3, 6.

Plaintiff also names as a defendant Guilderland Police Officer Todd Roberts, "who arrived on accident scene August 13, 2019." Compl. at 4-5.   Plaintiff argues that Officer Roberts improperly "failed to inventory broken items inside plaintiff [sic] vehicle as a direct result of the accident and failed to file property destruction reports among other violations and failed to file property destruction reports." Id. at 4.  Plaintiff states that Officer Roberts' failure to inventory all damaged items in his vehicle, instead advising plaintiff to report the damaged items to the insurance company "without filing police property damage report of all items destroyed in the vehicle[,] . . . lead to the

Adirondack insurance company's adjusters [sic] shenanigans trying to shift fault and minimize the payments of the broken/destroyed electronics." Id. at 7.

Plaintiff also names as a defendant Progressive Insurance Company. See Compl. At 2 ("the official position for the defendants progressive insurance policy holder responsible for payment of outstanding childcare and transportation expenses outside of policy limits of 25 dollars a day and outstanding medical transportation expenses outside of the policy limits of 25 dollars a day.)" Id. at 3. Plaintiff contends that Progressive improperly failed to pay childcare and transportation expenses he incurred after the motor vehicle accident. See id. at 2-3. Plaintiff further argues that physical therapy he received following the accident "erroneously ended as progressive insurance stopped payment" despite the fact that the "progressive insurance doctor ordered surgery or epidural injunctions." Id. at 5. Plaintiff contends that medical and other records demonstrate that he has "been unable to work for over 300 days and counting . . . which meets the criteria under insurance laws section 5102(d), under the 90/180 days categories as both all doctors notes from date of August 13 2019 thru [sic] June 20 2020 on file with progressive insurance and all monthly payment from progressive insurance . . . served as confirmation that plaintiff clearly surpassed the minimum of 90 days thus satisfying the 90/180 requirements[.]" Id.

Plaintiff has included a prayer for relief section, albeit under the misnomer of "causes of action.". Plaintiff contends that his "causes of action" are (1) "special damages" from medical bills, lost income, out of pocket expenses and personal property losses in the amount of $3 million; (2) "pain and suffering" with requested damages of

$3 million for pain from the accident; (3) "emotional distress" as the accident "inflated my anxiety," causing nightmares and fear of driving for which he demands $3 million; (4) "loss of enjoyment" as the accident "has interfered with every day activities" as plaintiff has been unable to work, care for his infant son, play with his children,jog, run, "walk long hours"; lift weights; or play basketball, for which he demands $3 million; (5) "lost [sic] of consortium" for which he demands "100,000 for myself and 300,000 on behalf of my wife until she finds her own lawyer"; (6) "lost [sic] of consortium on behalf of my infant and other five children" as he is unable to care for them, for which he demands $300,000; (7) "lost [sic] of financial support for my wife and children" as he is unable to work due to the accident; (8) "loss of services" as plaintiff "has not been able to home work like lawnmower or groceries due to injury and demand $300,000"; (9) "past and future medical bills" for which he demands $300,00 [sic]; (10) "whiplash self care at home on behalf of my family for holding cold and hot packs, massages and medications I demand 100,00 [sic] on their behalf"; (11) "punitive damages" against Keith Cook, the driver of the motor vehicle, as his conduct was "malicious and egregious"; (12) "personal property damage" to "several electronics" in the accident, for which he demands $100,000; (13) "out of pocket expenses my gasoline and taxi and childcare I demand 30,000" (14) "future pain and suffering"; (15) "future medical bills"; (16) "future lost Wages or retraining for desk jobs"; (17) "invasive medical procedures January 20,2020 undergo finger in butt against religion at Ellis; (18) "loss of financial support from spouse"; (19) "whiplash home care" (20) "shelter and homeless as a direct result of unable to work and pay my rent due to accident"; (21) "stomach problems due to over a year of taking pain medicine due to stomach irritation[.]"  Id. at 7-9.

Finally, although it is not clear, plaintiff may have already commenced another action regarding the car accident.  He states that he "request body cameras policy in effect at said time on August 13, 2019, in support of complaint and summary judgment." Compl. at 4.

## IV.  **Analysis**[4]

As a threshold issue, plaintiff's complaint violates Fed. R. Civ. P. 20.  See generally Compl.  "Under Rule 20 of the Federal Rules of Civil Procedure, a plaintiff may not pursue unrelated claims against multiple defendants."  Kastner v. Tri State Eye, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (citing FED. R. CIV. P. 20(a)(2) ("Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.") and Peterson v. Regina, 935 F. Supp. 2d 628, 638 (S.D.N.Y. 2013) ("Case law makes clear that [i]n the absence of a connection between Defendants' alleged misconduct, the mere allegation that Plaintiff was injured by all Defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a).")) (additional citation and quotation marks omitted).  Thus, as will be discussed below, plaintiff may not proceed with this complaint as it attempts to bring multiple, unconnected claims against various unrelated defendants.

Further, as to plaintiff's hundreds of pages of unexplained exhibits,

---

[4]  Copies unpublished cases cited within this Report-Recommendation & Order have been provided to plaintiff.

> [g]enerally, district courts must construe pro se complaints liberally, but
> "even a pro se litigant cannot simply dump a stack of exhibits on the court
> and expect the court to sift through them to determine if some nugget is
> buried somewhere in that mountain of papers, waiting to be unearthed and
> refined into a cognizable claim.

Kastner, 2019 WL 6841952, at *3.  Plaintiff cannot expect the Court to search through his exhibits in an attempt to identify support for his claims.  Instead, plaintiff needs to explain the relevancy of each exhibit within the complaint.  See id.

Plaintiff's attempt to skirt the requirement of commencing multiple actions for his unrelated cases by filing them in one is inappropriate and impermissible under the Federal Rules.  Requiring this Court to "sift through" this amalgam of claims and facts, parse out which facts are relevant to which defendants and claims, attempt to match relevant exhibits, and then review it all and manage on one docket is too heavy a burden for this Court to bear. In light of special solicitude, the undersigned will review and consider the merits of the first "complaint" included in this filing, which relates to a 2019 motor vehicle accident.  As for all of the other unrelated "complaints" that follow the first, the undersigned will recommend dismissal without prejudice and with leave to separately refile new and separate actions for all of the other complaints.

As mentioned above, the undersigned will review plaintiff's first "complaint" involving the motor vehicle accident pursuant to section 1915.  Plaintiff's claims relating to the motor vehicle accident and insurance companies must be dismissed with prejudice for failure to demonstrate diversity jurisdiction or federal question jurisdiction. Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction.  See Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552 (2005).  Subject matter jurisdiction is available only when a "federal question"

is presented or when the plaintiff and all defendants are of diverse citizenship and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332.  When a court lacks subject matter jurisdiction, dismissal of the complaint is mandatory.  See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Id. (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). To invoke "federal question" jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Federal diversity jurisdiction under 28 U.S.C. § 1332(a) exists only when there is complete diversity—where each plaintiff's citizenship is different from the citizenship of each defendant. See Briarpatch Ltd. v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d Cir. 2004), cert. denied, 544 U.S. 949 (2005) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).  Plaintiff fails to demonstrate complete diversity jurisdiction.   Plaintiff is a citizen of New York.  He provides an address in Schenectady, New York.  See generally Comp.  Plaintiff also provides that the driver of the accident, defendant Cook, resides in Albany, New York.  See Compl. at 3.  Plaintiff states that Progressive is based in New York. See Compl. at 3 ("[u]pon information and beliefs [sic] progressive insurance company operates in the state of new York and has an office listed herein within the jurisdiction of this court.").  Although plaintiff does not address Officer Roberts' residency, it is very likely he is also a resident of New York as he works for the Guilderland Police Department.  Although plaintiff does not provide addresses for Ms. Corrida, Ms. Hughes, Mr. Burke, or Ms. Pease or address their residencies, even if they were not residents of New York State, diversity jurisdiction does not lie because, due to

Mr. Cook being a New York resident, plaintiff cannot demonstrate complete diversity. Similarly, even if Adirondack is headquartered in North Carolina and is a resident of North Carolina, because plaintiff has not shown that every defendant is from a different state than plaintiff, he cannot show diversity jurisdiction.  See Briarpatch Ltd., 373 F.3d at 302.  In other words, because plaintiff is a resident of New York, for complete diversity jurisdiction, none of the defendants can also be residents of New York.

Plaintiff also cannot demonstrate federal question jurisdiction because he fails to show the applicability of section 1983 or any other federal claim.  With the exception of Officer Roberts, the defendants are private individuals and insurance companies.  Mr. Cook is a private citizen who was involved in a motor vehicle accident with plaintiff.  Ms. Corrida, Ms. Hughes, Ms. Pease, and Mr. Burke are agents or employees of insurance companies Adirondack and Progressive.  Plaintiff "does not state that the actions of any defendant occurred as a result of a state-created right or rule of conduct or allege any facts that would suggest that the actions were even remotely attributable to the state or any state actor."  Fiamengo v. Wadsworth, No. 3:04 CV 569 SRU, 2004 WL 1638235, at *3 (D. Conn. July 13, 2004), aff'd, 127 F. App'x 564 (2d Cir. 2005) (dismissing the pro se plaintiff's purported § 1983 complaint against individual defendants who were employees of a motor vehicle insurance company where the plaintiff alleged "only that [the] defendants were involved in his state court litigation and denied him an insurance settlement as a result of the motor vehicle accident. The court concludes that the complaint lacks allegations suggesting that any of these defendants is a state actor and fails to satisfy the first part of the test to state a section 1983 claim.").

In sum, despite claiming the existence of federal question jurisdiction, review of the complaint reveals that there is no federal question.  Although plaintiff purports that this complaint is brought under section 1983 for violations of his civil rights, other than Officer Roberts, there are no state actors in this complaint.  Further, plaintiff makes no credible allegation nor provides any factual support to attempt to show that any defendant acted under the color of state law.  Although plaintiff may disagree with settlement offers from the insurance companies or seeks redress for the fact that he was refused certain payments or coverage of medical treatments, such denials by private actors do not amount to a violation of his constitutional rights.  Accordingly, plaintiff has not demonstrated this Court's federal question jurisdiction.

Finally, although Officer Roberts is a state actor, plaintiff fails to so much as hint at a colorable claim for violation of plaintiff's constitutional rights.  Even if defendant Roberts' alleged failure to inventory damaged items in the vehicle, "file property damage reports," or record the inside of plaintiff's vehicle with a body camera as a means of documenting property damage contributed to plaintiff's inability to properly file a claim for reimbursement from Mr. Cook's insurance company, plaintiff fails to set forth any explanation to how this conduct amounted to a violation of any constitutional rights. Compl. at 4.

Insofar as plaintiff notes that Officer Roberts' alleged failure to turn on his body camera was a violation of an unspecified "police policy," violations of police policies or rules, without more, does not state a claim under section 1983.  Compl. at 4-5.  To the extent plaintiff's complaint could be liberally interpreted as attempting to set forth a claim for municipal liability pursuant to Monell v. Dep't of Soc. Servs. Of the City of New York,

436 U.S. 658 (1978), plaintiff fails to identify or allege any facts plausibly showing the existence of a municipal policy or custom of the Town of Guilderland that would amount to abuses of any of his Constitutional rights.  Further, even if plaintiff had alleged that there exists a police policy, custom, or practice that relates to refusing to inventory damaged property in motor vehicle accidents or use body cameras to record such damage, plaintiff fully fails to explain how such a policy or custom amounted to a deprivation of his constitutional rights.  See Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2021); Vippolis v. Vill. of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985) (""The plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving officer.").

A court ordinarily should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated," Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. 1991). However, an opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." Id. "Here, as plaintiff cannot cure the defects in his pleading, dismissal with prejudice and without opportunity to amend is warranted as it is clear there is no reworking of the complaint which could entitle plaintiff to relief in this Court." Caldwell v. Barrier, 1:19-CV-1516 (BKS/CFH), 2020 WL 918717, at *4 (N.D.N.Y. Feb. 26, 2020).  Here, even applying special solicitude, the Court can conceive of no plausible constitutional

violation that could be stated should leave to amend be given.[5]  Accordingly, as plaintiff

has failed to demonstrate diversity jurisdiction or federal question jurisdiction, it is the

undersigned's opinion that the first "complaint" involving the motor vehicle accident must

be dismissed with prejudice.

As to the remaining four "complaints" involving workplace incidents, Section 8

housing issues, eviction, and excessive force; legal malpractice and/or issues with legal

representation; difficulty with requesting records/FOIL concerns; the police refusing to

permit plaintiff to record on his phone and breaking of his phone, the undersigned

recommends that all claims against those remaining defendants be dismissed without

prejudice and with leave to commence new actions,[6] but without leave to amend in this

case.


# V.  Conclusion

Wherefore, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's in forma pauperis application (Dkt. No. 3) be

**GRANTED** for purposes of filing only; and it is

**RECOMMENDED**, that the portion plaintiff's complaint (Dkt. No. 1 at 1-9) against

defendants Keith Cook, Adirondack Insurance Company, Progressive Insurance

Company, Robert Burke, Amanda Hughes, Christine Corrida, Natalie Pease, and Todd

---

[5]  Officer Roberts did not damage plaintiff's property and the allegation is merely that he failed to inventory it, submit property damage-related paperwork for electronics in the vehicle, or record the damage to the personal property with his body camera.
[6]  As undersigned does not reach the merits of the remaining complaint, the undersigned makes no comment as to whether plaintiff's remaining complaints, if he is permitted by the Court and chooses to bring them as new and separate actions, will be able to successfully proceed past the section 1915 initial review.

Roberts arising out of the August 2019 motor vehicle accident, be **DISMISSED with prejudice and without opportunity to amend**; and it is

**RECOMMENDED**, that plaintiff's second, third, fourth, and fifth "complaints," involving all claims against defendants Courtney Maloney, Raybens Cleaning Company, Jose Marucci, Raytice Spencer, Donna Mackey, Alberto Pueutas, State of New York, Empire State Reality, Office of General Services, John and Joseph Does, Schenectady Municipal Housing Authorities, County of Schenectady, City of Schenectady, Jennifer Martin, Randolpho Delarosa, Section 8 Inspector, Section 8 Inspector Office Supervisor, NYS Court Administration, County Public Defenders, Rebecca Bauscher, New York State Chief Judges of the State of New York, Albany Police Department, City of Albany, John Does, Todd Monahan, and NYS Office of Court Administration (Dkt. No. 1 at 9-28), be **DISMISSED without prejudice, and with leave to commence new and separate actions, but <u>without leave to amending in this action</u>**; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on the plaintiff.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has FOURTEEN (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.  <u>See</u> <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993) (citing <u>Small v. Sec'y of Health and Human Servs.</u>, 892 F.2d 15 (2d Cir. 1989)); <u>see</u> <u>also</u> 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[7]

---

[7]  If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to

Dated: November 4, 2022
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

you to serve and file objections.  See FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. See id. § 6(a)(1)(C).