UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NAKIA CHANEY,

                      Plaintiff,

                                                                1:22-CV-0839
v.                                                          (GTS/CFH)

KEITH COOK; ADIRONDACK INS. EXCH. CO.;
PROGRESSIVE INS. CO.; ROBERT BURKE;
AMANDA HUGHES; CHRISTINE CORRIDA;
NATALIE PEASE; TODD ROBERTS; COURTNEY
MALONEY; RAYBENS CLEANING CO.; JOSE
MARUCCI; RAYTICE SPENCER; DONNA
MACKEY; ALBERTO PUEUTAS; STATE OF
NEW YORK; EMPIRE STATE REALITY;
OFFICE OF GEN. SERVS; JOHN AND JOSEPH
DOES, *who have oversight and supervision of
Raybens Defendants within or on State property in
Corning Tower, Empire State Plaza located in the
City of Albany*; SCHENECTADY MUN. HOUSING
AUTH.; COUNTY OF SCHENECTADY; CITY OF
SCHENECTADY; JENNIFER MARTIN;
RANDOLPHO DELAROSA; SECTION 8
INSPECTOR; SECTION 8 INSPECTOR OFFICER
SUPERVISOR; NEW YORK STATE OFFICE OF
COURT ADMIN.; COUNTY PUBLIC DEFENDERS,
*in charge of supervision of the defendants attorneys
misconduct and caseload*; REBECCA BAUSCHER;
CHIEF JUDGES OF THE STATE OF NEW YORK;
ALBANY POLICE DEP'T; CITY OF ALBANY;
JOHN DOES, *who had no badges displayed and were
dressed differently with SWAT weapons drawn;* and
TODD MONAHAN,

                      Defendants.
_____

APPEARANCES:                                        OF COUNSEL:

NAKIA CHANEY
  Plaintiff, *Pro Se*
1022 Third Avenue
Schenectady, New York 12303

GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court, in this *pro se* civil rights action filed by Nakia Chaney ("Plaintiff") against the State of New York and the above-captioned municipalities, entities, and individuals ("Defendants"), is United States Magistrate Judge Christian F. Hummel's Report-Recommendation recommending that certain of the claims asserted in Plaintiff's Complaint be dismissed with prejudice and without leave to amend for lack of diversity or federal-question jurisdiction, and that the remainder of those claims be dismissed without prejudice and with leave to commence new and separate actions. (Dkt. No. 5.) Plaintiff has not filed an objection to the Report-Recommendation, and the deadline in which to do so has expired. (*See generally* Docket Sheet.)

After carefully reviewing the relevant filings in this action, the Court finds no error in the Report-Recommendation, clear or otherwise:[1] Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. To those reasons, the Courts adds only one point.

Generally, when a district court lacks subject-matter jurisdiction over an action (whether

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

2

it be due to a lack of diversity jurisdiction or federal-question jurisdiction), the district court also lacks the power to dismiss the case *with prejudice*.[2] The Court finds no ground to depart from that general rule here. Having said that, where (as here) one of the defects in a plaintiff's claims asserted under 42 U.S.C. § 1983 is a failure to allege facts plausibly suggesting that the defendant is a state actor, the dismissal arises under Fed. R. Civ. P. 12(b)(6), and may be with prejudice. On this ground, the Court finds sufficient support for its ruling that certain of the claims identified below may be re-filed only in state court (and not alternatively in federal court).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 5) is **ACCEPTED** and **ADOPTED**; and it is further

**ORDERED** that the portions of Plaintiff's Complaint (Dkt. No. 1) asserting claims against Defendants Keith Cook, Adirondack Insurance Company, Progressive Insurance Company, Robert Burke, Amanda Hughes, Christine Corrida, Natalie Pease, and Todd Roberts arising out of the August 2019 motor vehicle accident are **DISMISSED without prejudice** to refiling in state court in accordance with the governing limitations periods; and it is further

**ORDERED** that the remaining portions of Plaintiff's Complaint (Dkt. No. 1)–specifically, Plaintiff's second, third, fourth, and fifth "complaints" asserting claims against Defendants Courtney Maloney, Raybens Cleaning Company, Jose Marucci, Raytice Spencer,

---

[2] *See Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) ("One other wrinkle: when a case is dismissed for lack of federal subject matter jurisdiction, Article III deprives federal courts of the power to dismiss the case with prejudice.") (internal quotation marks omitted); *see, e.g., Lue v. JPMorgan Chase & Co.*, No. 21-892, 2022 WL 1146219, at *1 (2d Cir. Apr. 19, 2022) ("If the district court determines that it lacks diversity jurisdiction, it must dismiss the case without prejudice.").

Donna Mackey, Alberto Pueutas, State of New York, Empire State Reality, Office of General Services, John and Joseph Does, Schenectady Municipal Housing Authorities, County of Schenectady, City of Schenectady, Jennifer Martin, Randolpho Delarosa, Section 8 Inspector, Section 8 Inspector Office Supervisor, New York State Office of Court Administration, County Public Defenders, Rebecca Bauscher, Chief Judges of the State of New York, Albany Police Department, City of Albany, John Does, and Todd Monahan–are **DISMISSED** without **prejudice** to re-filing as **SEPARATE ACTIONS** in state or federal court in accordance with the governing limitations period.[3]

  The Court certifies that an appeal from this order would not be taken in good faith.

Dated: December 5, 2022
   Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[3] This Decision and Order expresses no opinion on the extent that any such re-filed actions in federal court would comply with Rules 8, 10 and 12 of the Federal Rules of Civil Procedure.